UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


**BARBARA HIBNER,**
                        **Plaintiff**

                                        **Civil Action Number**
**v.**                                   **3:05CV372-J**

**JO ANNE B. BARNHART, Commissioner of**
  **Social Security,**
                        **Defendant**


## MEMORANDUM OPINION

This matter is before the Court on plaintiff Barbara Hibner's challenge to the decision of

the defendant Commissioner denying her claim to Disability Insurance Benefits and

Supplemental Security Income payments.  After examining the materials of record, the

arguments of the parties, and the applicable authorities, the Court is of the opinion that the

decision of the Commissioner should be affirmed.

Ms. Hibner filed her application in July of 1999, alleging that she had been unable to

engage in any substantial gainful activity since March 15, 1999.  After a disability review, the

Commissioner determined that she had improved medically by March 1, 2002, and her benefits

terminated on May 31, 2002.  She was fully insured through December 31, 2002.  After two

hearings on her challenge to the redetermination, the Administrative Law Judge ("ALJ")

determined that Ms. Hibner suffered from severe impairments, but that the improvement in her

medical condition since February 11, 2000 was sufficient to allow her to perform a limited range

1

of light work which exists in significant numbers in the national economy.

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).   The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion.  Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994),  Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).  Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See  Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).

Ms. Hibner contends that the ALJ committed several different legal errors in the course of determining that her complaints of disabling pain were not fully credible.  A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter.  Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987).  An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990).  Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports,

claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6ᵗʰ Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6ᵗʰ Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6ᵗʰ Cir. 1987). In this case, the ALJ's stated reasons for his determination were (1) Ms. Hibner conceded that she could perform household chores without assistance, (2) she takes only nonprescription acetaminophen for her pain, (3) her treatment has been otherwise conservative, (4) she stood, walked and communicated without difficulty, and (5) recent examination showed no evidence of weakness in her left upper extremity.

Ms. Hibner contends that the ALJ used the "sit and squirm" test condemned in Martin v. Secretary, 735 F.2d 1008 (6ᵗʰ Cir. 1984). However, Martin prohibited rejection of a claim "*solel*y on the ALJ's observations at the hearing" [emphasis added] and held that "the ALJ must cite some other evidence for denying a claim for pain in addition to personal observation." Id. At 1010. In this case, the ALJ did not base his decision solely on his observations, but his observations were simply one of the reasons for his decision.

Ms. Hibner next argues that it was error to treat her ability to do household chores and her failure to take prescription pain medications as evidence that her pain was not disabling. Ms. Hibner testified that her left arm hurts "when I work it a lot. Housework or something like that." Tr. 461. Subsequently, however, she denied having any problems doing her housework, stating only that she had lifting limits. Tr. 465. Her primary complaints concern lifting her left arm over her head. Tr. 467, 484. With regard to the use of Tylenol for her pain, Ms. Hibner testified,

3

"Dr. Rafiel wanted to give me something real strong, but I'm really not into taking a lot of medication." Tr. 462.  She testified that the Extra Strength Tylenol "helps it for a little while." Tr. 465.  The Court finds no error in the ALJ's reliance on this testimony.

The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986).  The Court concludes that this is the situation in the current case: While there may be evidence to support the conclusion that there has not been medical improvement, there is substantial evidence to support the Commissioner's decision.  Accordingly, as there is no error, the Court has a duty to affirm.

An order in conformity has this day entered.

4